IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DeWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0162 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO
## DISMISS PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody indicating he is challenging a prison disciplinary proceeding that took place at the Clements Unit in Potter County, Texas. Petitioner contends he lost 45 days of previously earned good-time credits as a result of this prison disciplinary proceeding and is eligible for mandatory supervised release.[1] Petitioner was incarcerated at the Clements Unit at the time he filed this habeas petition and remains incarcerated at the Clements Unit. On August 11, 2010, respondent filed a Motion to Dismiss petitioner's habeas application for failure to state a claim upon which relief may be granted. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge is of the opinion respondent's Motion to Dismiss should be GRANTED and petitioner's application

---

[1]Petitioner is presently incarcerated pursuant to a 2004 conviction for harassment by a person in a correctional facility out of Washington County, Texas and a 2006 conviction for theft greater than $20,000 but less than $100,000 out of Harris County, Texas. *Respondent's Motion to Dismiss with Brief in Support,* Exhibit A. Petitioner's offense history is confirmed by the online Offender Information Detail database maintained by the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID).

for federal habeas corpus relief should be DISMISSED.

## I.
## PROCEDURAL BACKGROUND

Petitioner represents he was found guilty, on May 17, 2010, of the disciplinary violation of "failure to consent to handwriting analysis" in case number 20100517DERR. Petitioner contends his Step 1 grievance was denied May 24, 2010, and his Step 2 grievance was denied June 3, 2010. Petitioner has not replied to respondent's motion to dismiss.

## II.
## NO ACTUAL DISCIPLINARY CASE EXISTS

An actual controversy must exist at all stages of litigation in order for a case to be brought in federal court. *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). If a petitioner does not challenge an actual disciplinary proceeding, the interests habeas corpus was created to serve are not implicated. *See Wolff v. McDonnell*, 148 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974). Beyond the question of the existence of an actual case or controversy, however, there is a concern a petitioner may be abusing the writ of habeas corpus by intentionally misrepresenting material facts to a federal court in a habeas corpus petition. Even though *pro se* petitioners are afforded wide latitude, a court need not tolerate abuse of the litigation process by a *pro se* petitioner. Basing habeas corpus pleadings upon falsities constitutes such an abuse. *See McCleskey v. Zant*, 499 U.S. 467, 496, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991) (establishing federal habeas corpus courts need not tolerate clearly abusive habeas corpus petitions); *Rose v. Lundy*, 455 U.S. 509, 521 n. 13, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("Nothing in the traditions of habeas corpus requires the federal courts to . . . entertain collateral proceedings whose only purpose is to vex, harass, or delay.").

In this case, it appears petitioner has invented the prison disciplinary case upon which his habeas corpus petition is based. First, "failure to consent to handwriting analysis" is not an offense for which a disciplinary case can be written under TDCJ-CID policy. *See Disciplinary Rules and Procedures for Offenders*, published by the Texas Department of Criminal Justice, § XIV, "TDCJ Disciplinary Offenses," pgs. 23-33 (revised Jan. 2005). Second, as respondent verifies in his Motion to Dismiss, TDCJ-CID uses a purely numerical system to identify offender disciplinary actions. The number petitioner provided, 20100517DERR, is not a valid TDCJ-CID disciplinary case number. (*Respondent's Motion to Dismiss with Brief in Support*, Exhibit B). Respondent additionally indicates "[t]he numbers listed above are not close to any of the offender disciplinaries shown on the records of Finley, Jaicourrie Dewayne." (*Id.*).

By basing this habeas corpus petition upon what appears to be a fabricated prison disciplinary action, petitioner has wasted valuable resources of both the federal judiciary and the Attorney General of Texas. Because an actual case or controversy does not appear to exist, this case should be DISMISSED. *See Cook*, 592 F.2d at 249. Additionally, petitioner should be cautioned that any future habeas corpus petition not based on an actual disciplinary case will not be tolerated. *See McCleskey*, 499 U.S. at 496, 111 S.Ct. at 1474. Should petitioner continue to file meritless petitions, the Court may impose sanctions upon him which would require him to pay a monetary fee before the Court will consider any habeas corpus petition from him, or which could bar him from filing in federal court in the future.

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent be GRANTED and the Petition for a Writ

of Habeas Corpus by a Person in State Custody filed by petitioner JAICOURRIE DEWAYNE FINLEY be DISMISSED.

## IV.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 4th day of October, 2010.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).